UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD ORTH, et al.,

    Plaintiffs,

v.    Case No. 07-C-149

WISCONSIN STATE EMPLOYEES UNION
COUNCIL 24, et al.

    Defendants.

**DECISION AND ORDER**

On March 6, 2007, plaintiffs Ronald and Eufemia Orth moved for a preliminary injunction to preclude the defendants from charging plaintiff Ronald Orth more than 10% of the health insurance premiums for the coverage presently in place. A hearing was held on March 19, and, following preliminary briefing, the motion is ripe for decision. For the reasons set forth below, the motion will be denied, but the matter will be set on an expedited schedule for briefing and decision.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Society v. Walker,* 453 F.3d 853, 870 (7th Cir. 2006) (italics in original) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). As both sides agree, to carry the day the plaintiffs must show that (1) they have a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *Id.*

The Seventh Circuit has described the second and third prongs – adequacy of a legal remedy and irreparable harm, which are essentially two sides of the same coin – as the "threshold showing," absent which equitable relief cannot be granted. *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.,* 414 F.3d 700, 703 (7th Cir. 2005); *FoodComm Intern. v. Barry,* 328 F.3d 300, 304 (7th Cir. 2003) ("The finding of irreparable harm to the plaintiff if the injunction is denied is a threshold requirement for granting a preliminary injunction.")  This is not surprising, given that these factors are what distinguish preliminary injunctive relief from the more typical legal relief that is available.  Thus, the analysis begins (and here, ends) with the question of irreparable harm: "If the moving party cannot make this showing, 'a court's inquiry is over and the injunction must be denied.'" *Bellon Wrecking,* 414 F.3d at 703 (quoting *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992)).

The plaintiffs believe the collective bargaining agreements at issue here require them to pay only 10% of the premiums for their health insurance, with the employer paying the rest.  Their motion seeks to preliminarily enjoin the defendants from charging them the full cost of their health insurance, an act which would jeopardize their coverage and which constitutes, in their view, irreparable harm.  Of course no one doubts that the denial of medical care would constitute irreparable harm, for the denial or delay in medical treatment might result in injuries that money damages cannot readily cure.  But health insurance is not synonymous with medical treatment; it is simply a mechanism governing who *pays* for treatment.  As such, the loss of insurance or the charging of higher premiums does not equate to denial of medical care (irreparable harm) unless the plaintiffs cannot afford the premiums or obtain medical care through other means.  Thus, the plaintiffs are incorrect when they argue that the only question is whether an injunction is necessary

2

to prevent plaintiffs from "suffering a medical disaster before the conclusion of this lawsuit." (Pltf. Reply at 6.) The plaintiffs must instead show that higher premiums and / or loss of insurance would leave them with no viable alternative for receiving health care.

In *Bellon Wrecking,* for example, the union sought a preliminary injunction against the employer to prevent it from laying off a union employee, in breach (the union said) of the collective bargaining agreement. 414 F.3d at 701. The district court agreed and granted the union a preliminary injunction, having found that the union would suffer irreparable harm if the CBA continued to be violated and the employee were laid off. The Seventh Circuit reversed. Applying traditional equitable principles, the court rejected the union's claim that it or its members would suffer irreparable harm. Among the arguments raised by the union was its claim that union members would lose health benefits if the CBA continued to be breached. *Id.* at 707. The court rejected this argument, noting first that "a loss of fringe benefits does not amount to irreparable harm if the district court holds the power, following a judgment on the merits, to order the losing party to pay missed contributions." *Id.* Moreover, the court found that the union had not explained why its members could not purchase private health insurance in the interim: "Although the premiums for individual insurance are likely higher than contributions to the health and welfare fund, a monetary award could include the difference as incidental damages." *Id.*

Thus, because insurance is largely a question of money, its loss does not generally constitute irreparable harm because a damages award can compensate the plaintiffs after the fact. Indeed, *Yolton v. El Paso Tennessee Pipeline Co.,* on which the plaintiffs rely, is not to the contrary. 435 F.3d 571, 584 (6th Cir. 2006). There, the Sixth Circuit approved of the district court's conclusion that irreparable harm would occur absent an injunction because

3

> the putative class members overall cannot afford to contribute such an amount until this case is resolved. Unable to afford the $501 premium, Plaintiffs will lose their health insurance, will not be able to pay for necessary prescription medications, and will not receive all of the medical care they need. Reimbursing Plaintiffs for their contributions at the end of the case, therefore, will not afford them relief.

*Id.*

*Yolton* stands for the principle that the loss of insurance – though ostensibly a question of money damages – can be transformed into grounds for an injunction if a plaintiff's inability to pay the premiums will effect a permanent loss in benefits or actually deprive the plaintiff of medical care. The possibility is perhaps especially salient in a class action like *Yolton*, in which it would be difficult to assess the ability of each individual plaintiff to pay the premiums.

Here, however, despite *Yolton's* express language, the plaintiffs deny that their ability to pay is even relevant to the question of irreparable harm. Even while denying its relevance, however, the plaintiffs argue that the reasoning of *Yolton* should apply because they are retired and on fixed incomes. On at least one occasion, they have had to resort to a "payday" lender to make ends meet for the month. During the hearing, Mr. Orth cited expenses for family members and the cost of medication to treat his wife's medical problems. Thus, they claim to be unable to pay the $1109 premium now required every month. Yet in the face of these expenses, the evidence shows that the Orths both receive substantial pensions and Social Security, with payments totaling nearly $80,000 per annum. Though Mr. Orth was a credible witness and I have no reason to doubt that the premium payment would be burdensome, the plaintiffs have not established that payment of health insurance premiums in the amounts cited would be impossible or that they would be unable to obtain medical care. Indeed, as the defendants note, they have apparently not explored any alternatives to

4

insurance, including options available under Medicare, a fact which undermines their claim that the absence of preliminary relief here would cause them irreparable harm.

Ultimately, the burden is on the movant to demonstrate that the "extraordinary remedy" of a preliminary injunction is warranted. Although I recognize the possibility that the loss of insurance could, in some situations, constitute irreparable harm, I do not believe the burden is met when plaintiffs with relatively generous pensions, Social Security, and unexplored other insurance options are faced with increased premiums. This is especially so in light of the defendants' helpful agreement to expedite the consideration of this case. (In *Yolton,* by contrast, the class action might well have dragged on for years and the numerous plaintiffs could well have been irreparably harmed.) Here, given the amount of money involved and the relatively short briefing schedule I will impose, I conclude the plaintiffs have not met their burden to demonstrate irreparable harm. This is not to say that plaintiffs will not ultimately prevail; indeed, as I noted at the hearing, their reading of the CBA seems eminently plausible. But because they cannot meet the threshold requirements for the granting of the relief they seek, the motion for a preliminary injunction will be **DENIED**.

The parties are directed to comply with the following expedited briefing schedule: the parties may file cross-motions for summary judgment by April 25, 2007; responses may be filed by May 10, 2007.

**SO ORDERED** this  29th   day of March, 2007.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge