UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

RONALD P. ORTH and EUFEMIA B. ORTH

       Plaintiffs,

  v.

                                                     Case No. 07-C-149

WISCONSIN STATE EMPLOYEES UNION,
COUNCIL 24, and THE GROUP INSURANCE PLAN,
WISCONSIN STATE EMPLOYEES UNION,

       Defendants.

**ORDER**

Plaintiffs have filed a motion to clarify the judgment and to amend the judgment to award attorney's fees on appeal. Defendants have moved to strike on the grounds that the motions were not accompanied by briefs, in violation of Civil L. R. 7.1(a). The motion to strike will be granted, but the Plaintiffs will be given twenty days to refile their motions along with corresponding briefs.

I note that it is unclear what authority this Court has to award attorney's fees on appeal. This Court's review of the Federal Rules of Appellate Procedure and Circuit Rules does not reveal a clearly appropriate procedure for such application in either court, although it may be that Fed. R. App. P. 27 would apply. Although such fees are certainly awardable under ERISA, it appears the typical practice is that applications for fees on appeal are made to the appellate court, especially when discretion is involved. That court, of course, is in the best position to consider the merits of the appeal and whether the losing party's position was justifiable. *See, e.g., Brewer v. Protexall, Inc.,* 50 F.3d 453, 459 (7th Cir. 1995) ("because Protexall's position was similarly unjustified on appeal, the Brewers are entitled under section 1132(g)(1) to reimbursement for the costs and fees

they incurred before this court as well.") As the Tenth Circuit has noted:

> Regardless of the award of trial-related attorneys' fees, we have exercised our discretion on whether to award appeal-related attorneys' fees. Absent an explicit provision, in order for us to properly exercise our discretion, an application for appeal-related attorneys' fees must first be made to our court. Should we decide that it is appropriate to award such fees, we may then remand to the district court to determine an award of reasonable fees.

*Hoyt v. Robson Companies, Inc.,* 11 F.3d 983, 985 (10th Cir. 1993).

It thus may be that any award of attorney's fees must be made on application with the Seventh Circuit rather than this court.[1] If Plaintiffs do refile their motion for fees on appeal in this court, they should address this issue. The motion to strike is **GRANTED**, although Plaintiffs may refile their motions within twenty days of the date of this order.

**SO ORDERED** this 2nd day of December, 2008.

/s William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] *See* Fed. R. App. P. 47(b) (suggesting that parties not be disadvantaged for noncompliance with requirements when such requirements are not found in federal law, rules or local circuit rules).

2